# In the United States Court of Federal Claims

No. 15-302 C

Filed: April 6, 2015[1]

```
*************************************
                                    *
ALLIANT ENTERPRISE JV, LLC,         *
                                    *
         Plaintiff,                 *
                                    *
v.                                  *
                                    *
THE UNITED STATES,                  *
                                    *
         Defendant,                 *
                                    *
and                                 *
                                    *
SBD ALLIANT JOINT VENTURE,          *
                                    *
         Defendant-Intervenor.      *
                                    *
*************************************
```

**Alexander J. Brittin**, Brittin Law Group, PLLC, McLean, VA, Counsel for Protestor.

**Amanda L. Tantum**, United States Department of Justice, Civil Division, Washington, D.C., Counsel for the Government.

**Richard J. Conway**, Dickstein Shapiro LLP, Washington, D.C., Counsel for Defendant-Intervenor.

**BRADEN**, *Judge*.

### ORDER GRANTING VOLUNTARY DISMISSAL

On March 23, 2015, Alliant Enterprise JV, LLC ("Alliant") filed a protest at the United States Government Accountability Office ("GAO"), challenging the Government's award of a task

---

[1] On March 26, 2015, the court forwarded a sealed copy of this Order to the parties to delete from the public version any confidential and/or privileged information, and note any citation or editorial errors requiring correction. None of the parties proposed changes or redactions.

order under Request For Quotation No. 874576 to SBD Alliant Joint Venture ("SBD"). This triggered the Competition In Contracting Act's mandatory stay. *See* 31 U.S.C. § 3553.[2]

On March 24, 2015, the Government decided to override CICA's mandatory stay. *See* Dkt. No. 13; *see also* 31 U.S.C. § 3553(d)(3)(C) ("The head of the procuring activity may authorize the performance of the contract (notwithstanding a protest of which the Federal agency has notice under this section) upon a written finding that performance of the contract is in the best interests of the United States; or urgent and compelling circumstances that significantly affect interests of the United States will not permit waiting for the decision of the Comptroller General concerning the protest[.]").

On March 25, 2015, Alliant filed a Complaint under seal in the United States Court of Federal Claims, protesting the Government's override of a mandatory stay. Dkt. No. 1. That same day, the court convened a telephonic status conference and requested that the Government file its override decision letter. The Government filed its March 24, 2015 decision letter. Dkt. No. 13. Later that day, the court convened a second telephonic status conference to inform the parties that the Government's decision letter did not meet the requirements of an override of CICA's mandatory stay. *See Reilly's Wholesale Produce v. United States*, 73 Fed. Cl. 705, 711 (2006) (listing four relevant factors).[3] Still later that day, the Government filed a Notice Of Rescinding Override Of CICA Stay. Dkt. No. 17.

On March 26, 2015, Plaintiff filed a Motion To Voluntarily Dismiss ("Pl Mot."), pursuant to Rule 41(a) of the Rules of the United States Court of Federal Claims ("RCFC").[4] Plaintiff's March 26, 2015 Motion states:

---

[2] Section 3553 provides, in relevant part: "If the Federal agency awarding the contract receives notice of a protest in accordance with this section during the period described in paragraph four (4)—the contracting officer may not authorize performance of the contract to begin while the protest is pending[.]" 31 U.S.C. § 3553(d)(3)(A)(i).

[3] The four relevant factors are: (1) "whether significant adverse consequences will necessarily occur if the stay is not overridden"; (2) "conversely, whether reasonable alternatives to the override exist that would adequately address the circumstances prevented"; (3) "how the potential cost of proceeding with the override, including the costs associated with the potential that the GAO might sustain the protest, compare to the benefits associated with the approach being considered for addressing the agency's needs"; and (4) "the impact of the override on competition and the integrity of the procurement system, as reflected in the Competition in Contracting Act." *Reilly's Wholesale Produce*, 73 Fed. Cl. at 711.

[4] RCFC 41(a) provides, in relevant part:

Subject to RCFC 23(e) and 23.1(c) and any applicable federal statute, the plaintiff may dismiss an action without a court order by filing: (i) a notice of dismissal before the opposing party serves an answer, a motion for summary judgment, or a motion for judgment on the administrative record; or (ii) a stipulation of dismissal signed by all parties who have appeared. . . .

>Based on [the Government's March 25, 2015 Notice of Rescinding Override], we understand that the agency is stopping the awardee SBD Alliant Joint Venture from performing the protested work pending GAO's determination in Comp. Gen. B-410352.5. In reliance on the [Government's] representations to the [c]ourt and our understanding of this action, [Alliant] is voluntarily seeking to dismiss its [C]omplaint without prejudice.

Pl. Mot. at 2.

It is the court's understanding that the Government will rescind its override, and that SBD will perform no work on the protested matter until GAO proceedings have concluded. Thus, Plaintiff's March 26, 2015 Motion To Voluntarily Dismiss is **granted**. The Clerk of Court is directed to dismiss this case **without prejudice**.

**IT IS SO ORDERED.**

s/ Susan G. Braden
**SUSAN G. BRADEN**
**Judge**

---

Except as provided in RCFC(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper.

RCFC 41(a)(1)(A), (a)(2).